# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

NMSURF, INC.,

    Plaintiffs,

vs.                                                   Case No. 1:21-cv-00057-KWR-JHR

STATE OF NEW MEXICO DEPARTMENT
OF TRANSPORTATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Default Judgment **(Doc. 10)**, and Defendant's Motion to Set Aside Clerk's Entry of Default **(Doc. 12).** For the reasons stated below, the Court **GRANTS** Defendant's Motion to Set Aside Default **(Doc. 12)** and **DENIES** Plaintiff's Motion for Default Judgment **(Doc. 10)**.

## BACKGROUND

This is a Telecommunications Act case. Plaintiff alleges that Defendant violated its rights under 47 U.S.C. § 332(c)(7) by denying two permits to provide wireless services to the public. Plaintiff seeks declaratory and injunctive relief. Plaintiff sought two permits to construct two forty-foot steel utility poles in a right of way that is controlled by Defendant in order to provide the public with wireless service.

In Count I, Plaintiff alleges that Defendant violated Section 47 U.S.C. § 332(c)(7)(B)(i). That section provides that "[t]he regulation of the placement, construction, and modification of personal wireless services facilities by any State or local government or instrumentality thereof - .

. . (II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services."

In Count II, Plaintiff alleges that Defendant violated 47 U.S.C. § 332(c)(7)(B)(iii) by not supporting its decision with substantial evidence. That section provides that any "decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by *substantial evidence* contained in a written record." *Id.* (Emphasis added).

Plaintiff filed its complaint on January 22, 2021. Plaintiff served its complaint four days later. The New Mexico Attorney General litigation division's legal assistant received the summons and complaint, and on February 5, 2021 the legal assistant forwarded it to the Assistant Attorney General for NMDOT tort matters, who then forwarded it to the NMDOT General Counsel. **Doc. 12.**

The summons and complaint were also served on NMDOT on January 26, 2021 and forwarded to the NMDOT General Counsel's desk on January 27, 2021. **Doc. 12 at 1.** Defendant proceeded to contact firms to take the case.

On February 16, 2021, Defendant's response to Plaintiff's complaint was due. No response was filed. The next day, Plaintiff filed its request for entry of default. On February 18, 2021, the clerk entered default. The next day, Plaintiff filed a motion for default judgment. Defendant filed this motion to set aside entry of default on February 25, 2021.

## DISCUSSION

Defendant moves to set aside the clerk's entry of default. Plaintiff seeks default judgment. The Court will set aside the entry of default and deny the motion for default judgment.

Fed. R. Civ. P. 55(c) provides that "[t]he court may set aside an entry of default for good cause."  "In deciding whether to set aside an entry of default, courts may consider, among other things, whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs.,* 316 Fed.Appx. 744, 750 (10th Cir. 2009), *quoted in Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014). The Court finds good cause to set aside the entry of default, as explained below.

The Court finds that Plaintiff was not prejudiced by the delay in this case. Defendant's response was due by February 16, 2021, and Plaintiff requested entry of default one day later. The clerk entered default on February 18, 2021, and Plaintiff filed its motion for default judgment the next day. On February 19, 2021, Defendant contacted Plaintiff's counsel to seek a stipulation to set aside the default and an extension for time to respond. **Doc. 12 at 2.** Defendant filed a motion to set aside the clerk's entry of default on February 25, 2021. The Court finds that Plaintiff was not prejudiced by any delay in this case. Plaintiff has also not articulated any other form of prejudice. *See, e.g., Atlantic Recording Corp. v. Brennan*, 534 F. Supp. 2d 278, 282 (D. Conn. 2008) (party may be prejudiced if there is loss of evidence, increased difficulty of recovery, or opportunity for fraud).

Plaintiff cites to 47 U.S.C. § 332(c)(7)(B)(v), which provides that "[t]he court shall hear and decide such action on an expedited basis." This matter will proceed on an expedited basis. However, the Court finds that the greater cause of delay in this case was Plaintiff's decision not to consent to a motion to set aside default, which Defendant requested one day after default was entered. Plaintiff could have received a faster decision on the merits had it consent to setting aside the default.

The District of New Mexico has a substantial criminal trial docket, which it is required to prioritize by statute and rule. 18 U.S.C. § 3164(a) (criminal cases "shall be accorded priority"); *see also* Fed. R. Crim. P. 50 ("Scheduling preference must be given to criminal proceedings as far as practicable."). The Court expects the parties to work together to resolve issues in good faith and only place genuine issues before the Court.

The Court also finds that Defendant's failure to respond was not willful or in bad faith. Defendant attempted to find a firm to take the case. Defendant did not find a firm to take the case until February 16, 2021, the date a response was due. This case involves a complex and specialized area of law, and therefore the Court finds the delay was not willful.

Finally, Defendant presents a defense on the merits. The purpose of this inquiry is not to try the case in a motion to set aside default, but to determine whether Defendant presents a defense on the merits or is simply trying to delay resolution of the case with a frivolous defense. Defendant adequately set forth a defense on the merits. *See* **Doc. 14.**

Therefore, the Court finds good cause to set aside the entry of default.

Because the Court sets aside the entry of the default, the Court also denies the motion for default judgment. *See, e.g., Watkins v. Donnelly*, 551 F. App'x 953, 958 (10th Cir. 2014) ("Because the district court properly set aside the entry of default, and because a default judgment cannot have been entered in the absence of such entry, it ineluctably follows that the district court did not abuse its discretion in denying Mr. Watkins's motion for default judgment against the Ingram Defendants.").

The Court will set deadlines on the motion for preliminary injunction on an expedited basis. The parties should indicate in their briefing whether a hearing on the motion for preliminary injunction is requested or required. Plaintiff discussed setting briefing deadlines but did not

discuss law limiting the Court's discretion to set reasonable briefing deadlines. Therefore, Defendant shall respond to the motion for preliminary injunction within **fourteen (14) days** of the entry of this order. Defendant shall also respond to the complaint within **fourteen (14) days** of the entry of this order.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Set Aside Entry of Default (**Doc. 12**) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (**Doc. 10**) is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant shall file a response to the motion for preliminary injunction within **fourteen (14) days** of the entry of this order.

**IT IS FINALLY ORDERED** that Defendant shall file a response to the complaint within **fourteen (14) days** of the entry of this order.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**