**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

NMSURF, INC.,

        Plaintiff,

    vs.                          No.  1:21-cv-00057-KWR-JHR

STATE OF NEW MEXICO DEPARTMENT
OF TRANSPORTATION,

        Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE

**THIS MATTER** is before the Court on Plaintiff's Motion to Enforce the Order for Preliminary Injunctive Relief and For Defendant to Show Cause Why It Should not be Held in Contempt (**Doc. 32**), filed August 5, 2021.  Having reviewed the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is **NOT WELL-TAKEN** and, therefore, is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

This is a Telecommunications Act case.  On January 22, 2021, Plaintiff NMSURF filed a Complaint alleging that Defendant, the New Mexico Department of Transportation, violated 47 U.S.C. § 332(c)(7) by denying two permit applications filed by Plaintiff to construct two forty-foot steel utility poles to provide the public with wireless services in a right of way controlled by Defendant.  _See_ **Doc. 1**.  Plaintiff alleges that Defendant violated § 332(c)(7)(B)(i), which provides that "[t]he regulation of the placement, construction, and modification of personal wireless services facilities by any State or local government or instrumentality thereof… shall not prohibit or have the effect of prohibiting the provision of personal wireless services."  _See_ **Doc. 1, at 7–8**.

1

Plaintiff alleges that Defendant also violated § 332(c)(7)(B)(iii), which provides that any "decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by **substantial evidence** contained in a written record." *See id.* **at 8–9** (emphasis in original).

On February 8, 2021, Plaintiff filed a motion for a preliminary injunction to order Defendant to approve Plaintiff's two applications. *See* **Doc. 5**. On June 28, 2021, this Court issued a Memorandum Opinion and Order granting the Plaintiff's motion. Specifically, the injunction ordered:

> Defendant New Mexico Department of Transportation and its employees shall issue approval of Plaintiff's two, November 24, 2020 permit applications for the installation of telecommunications utility poles.

*See* **Doc. 29, at 15**. On August 5, 2021, Plaintiff filed the instant motion requesting that this Court enforce the preliminary injunction and issue an order for Defendant to show cause why it should not be held in contempt for failure to comply with the Court's Order. *See* **Doc. 32**. Plaintiff states that Defendant has granted and issued one of the permits as directed by the Court's Order, the permit to construct a utility pole on New Mexico State Highway 14. *Id.* **at 2**. However, Plaintiff alleges that Defendant has failed to issue the second permit, one seeking construction of a similar pole on Interstate 25 ("I-25") near Richards Avenue in Santa Fe, New Mexico. *Id.* **at 2–3**. Plaintiff asserts that despite Defendant's arguments to the contrary, "[t]here is no reason, and no legal justification, for Defendant to drag its feet and fail to comply with the Order." *Id.* **at 3**.

## DISCUSSION

District courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *See Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). "Once issued, an injunction may be enforced." *Hutto v. Finney*, 437 U.S. 678, 690 (1978). Therefore, "a person who [or an entity that] violates an

injunction or temporary restraining order during its pendency is subject to a compensatory civil contempt judgment." *Reliance Ins. Co. v. Mast Const. Co.*, 84 F.3d 372, 376 (10th Cir. 1996).

Federal Rule of Civil Procedure 65 provides that the persons bound by a court's preliminary injunction include the parties, their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation with" any such persons. Fed. R. Civ. P. 65(d)(2).  If a plaintiff believes that a defendant is failing to comply with a court's preliminary injunction, then a plaintiff may move the court to "issue an order to show cause why the defendant should not be adjudged in civil contempt and sanctioned."  *See Reynolds v. Roberts*, 207 F.3d 1288, 1298 (11th Cir. 2000); *see also McClendon v. City of Albuquerque*, No. 95 CV 24 JAP/KBM, 2016 WL 9818311, at *5 (D.N.M. Nov. 9, 2016) ("A party to a consent decree that is aggrieved by the other's noncompliance may apply for an order to show cause why the noncompliant party should not be held in contempt. Civil contempt sanctions are the primary means of compelling a party's compliance with the provisions of such a decree.").  The plaintiff's motion must cite the injunctive provision at issue and allege that the defendant has refused to obey its mandate.  *See Reynolds*, 207 F.3d at 1298.  "If satisfied that the plaintiff's motion states a case of non-compliance, the court orders the defendant to show cause why he should not be held in contempt and schedules a hearing for that purpose."  *Id.*

Here, Plaintiff has not stated a case of non-compliance based on the Defendant's alleged conduct.  Plaintiff alleges that "Defendant refuses to approve the I-25 Permit Application due to the location, even though nothing in this Court's Order allows for Defendant to exercise this discretion."  *See* **Doc. 32, at 4**.  However, the evidence shows that after the preliminary injunction was granted, the parties determined that it was appropriate to consider alternative locations for the 1-25 utility pole.  *See, e.g.*, **Doc. 33-1, Ex. 2** (dated July 12, 2021) ("Richard, Attached is [a] google

photo of a possible tower location. We will check about Marcos Herrera acting as a person to work with your people as to an appropriate tower location.") *and* **Doc. 41-1, Ex. 1** (dated July 13, 2021) ("Nathan, my client has suggested the following alternative location, which is near the one you proposed yesterday, for your client's consideration."). Prior to the filing of the instant motion, it appears that the parties were engaged in ongoing, good-faith negotiations regarding a mutually acceptable alternative location. *See* **Doc. 41-1, Ex. 1–5** (email correspondence); **Doc. 33-1, Ex. 1–8** (same). Based on the sum of the correspondence presented from both parties, it appears that Defendant is taking appropriate steps to comply with the Court's mandate and issue the outstanding permit.[1] *See, e.g.*, **Doc. 33-2, Ex. 6, at 2** (email from Nathan Mann dated July 26, 2021) ("We would like to continue to work with NMSurf to locate its tower in the Richards Avenue vicinity in a location outside the access control lines. We still believe that a meeting of key people at the Richards Avenue would be productive."); **Doc. 33-2, Ex. 8, at 2** (same, dated August 3, 2021) ("The parties would benefit by meeting at the Richards Avenue locations to exchange information, see the sites, and discuss pros and cons of the various locations."). Therefore, Plaintiff has failed to state a case of non-compliance, and the Court declines to issue an order to show cause.

The Court directs the parties to continue to negotiate in good faith. If negotiations become irreparably broken, Plaintiff may refile the instant motion. The Court reminds the parties that the local rules require that they make a good-faith request for concurrence **prior** to filing any motion. *See* D.N.M.LR-Civ. 7.1(a). The Court also emphasizes the importance of civility and open communication between Plaintiff, Defendant, and respective counsel for the parties during the pendency of the instant matter.

---

[1] Although Defendant raises a number of arguments on "legal authority not considered in granting [the] preliminary injunction/safety," *see* **Doc. 33, at 3–9**, these arguments were not raised before the Court at the time of that motion, nor are these arguments now relevant to the Court's determination of the motion to enforce.

**CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff has not sufficiently stated a case of non-compliance.  Accordingly, Plaintiff's Motion to Enforce (**Doc. 32**) is **DENIED WITHOUT PREJUDICE**.  Additionally, the Court **DECLINES** to grant Plaintiff's request for attorneys' fees because Plaintiff has not demonstrated or pled any legal basis for such relief.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**